PER CURIAM.
Marta Garcia-Lavin, M.D., appeals a final order of the Florida Department of Professional Regulation which suspended her license to practice medicine. As to Garcia-Lavin’s contention that her fourth amendment rights were violated, we conclude that under the standards set forth in United States v. Salvucci, 448 U.S. 83, 92, 100 S.Ct. 2547, 2553, 65 L.Ed.2d 619, 628 (1980); Rakas v. Illinois, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978); and United States v. Haydel, 649 F.2d 1152, 1154-55 (5th Cir.), modified, 664 F.2d 84 (5th Cir. Unit A 1981), cert. denied, 455 U.S. 1022, 102 S.Ct. 1721, 72 L.Ed.2d 140 (1982); see also Dean v. State, 478 So.2d 38, 41 (Fla. 1985), Garcia-Lavin is without standing to challenge the seizure of the pre-signed prescription forms she had left in the custody of (and on the premises of) her former employer, where those forms were seized *999 at the time of the arrest of her former employer. We therefore need not reach the Department’s alternative grounds for affirmance on that issue. In any event, even if that were not so and even if the forms should have been excluded from evidence, Garcia-Lavin’s admissions in her affidavit established all of the facts necessary to the hearing officer’s findings. Had there been any evidentiary error with regard to the prescription forms, it would have been harmless. As the other points on appeal likewise show no reversible error, the judgment is affirmed.